## S. Kaplan & Co., Plaintiff and Appellee, v. Julián S. Hawayek, Defendant and Appellant.

No. 5158. Argued April 23, 1930.—Decided June 8, 1931.

R. Rivera Zayas for appellant. Henry G. Molina for appellee.

Mr. Justice Texidor delivered the opinion of the Court.

The complaint in this case reads as follows:

''Now comes the plaintiff through his undersigned attorney and states:

"That in or about the month of December, 1927, the plaintiff delivered to the defendant two (2) diamond rings at the stipulated price of $759.20, to be paid by the defendant to the plaintiff in the event he kept the said jewels.

"That the defendant has kept these jewels for a longer time than was reasonable, that is, longer than is customary in this kind of business, but failed to pay to the plaintiff the price stipulated on said diamonds, except the sum of $118.00, and therefore still owes to the plaintiff the sum of $641.20.

"That the defendant has not paid to the plaintiff the said sum of $641.20, notwithstanding the numerous demands made by the plaintiff to that effect.

"WHEREFORE, the plaintiff prays that the court adjudge the defendant to pay to the plaintiff the sum of $641.20, with interest thereon at 6% per annum from December, 1927, and the costs of this action."

The defendant filed a demurrer for insufficiency together with an answer.

The case was heard by the court, which rendered judgment on the merits adjudging the defendant to pay to the plaintiff the sum of $429.20 as principal and legal interest thereon, without special imposition of costs. Neither in the opinion nor in the judgment filed do we find any determination of the demurrer interposed to the complaint.

In the appeal taken by the defendant there is no transcript of the evidence or statement of the case. The appellant has assigned error, thus:

"The court erred in sustaining the complaint and in holding by implication that the complaint states a cause of action against the defendant."

The appellant maintains in his argument that on the face of the complaint the recovery of the purchase price is made to rest upon a supposed custom, in regard to which the complaint contains no specific allegations as to the acts constituting the same, the elements which impress it with the character, if any, of a rule of law, or any knowledge thereof on the part of the defendant. He likewise maintains that the

complaint shows that the sale was made under a suspensory condition; that if the facts establishing the juridical character of the custom are not alleged, no evidence thereon can be introduced at the trial without prejudicial surprise to the defendant.

The argument of the appellant on this point is strong and merits consideration. If a custom only had been averred we would not at all hesitate in rendering a decision; but the plaintiff alleged that the defendant kept the jewels for a longer period than was reasonable, and in this respect—this fact having to be considered as admitted by the demurrer—the complaint is sufficient. As regards the judgment since we have not the evidence before us, it must be presumed that all the facts alleged in the complaint have been sufficiently proved.

The judgment appealed from must be affirmed.